UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:20-cr-00129-SEB-TAB |
| | ) | | |
| SEDRICK BAKER, | ) | | - 01 |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

On December 11, 2024, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on January 22, 2025.  Defendant Baker appeared in person with his appointed counsel William Dazey.  The government appeared by Patrick Gibson, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Brian Bowers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Baker of his rights and provided him with a copy of the petition.  Defendant Baker orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Baker admitted violation numbers 1 and 2. [Docket No.64.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation
Number**      **Nature of Noncompliance**

| | | |
|---|---|---|
| 1 | | "You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage." |

On August 16, 30, September 6, and December 14, 2023; Mr. Baker tested positive for cocaine use.

2  "You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."

On December 4, 2023, the Court ordered Mr. Baker to reside in a residential reentry center for up to 180 days. On December 14, 2023, he reported to the RRC to begin his residency; however, on January 19, 2024, he left the RRC and never returned.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The parties jointly recommended a sentence of 10 months with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 10 months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

Defendant reviewed the above noted conditions with his attorney.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 12/11/2024

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system